BLUFORD *v.* PARSONS.

4-4697

Opinion delivered June 21, 1937.

*Thomas W. Raines,* for appellants.
*Galbraith Gould,* for appellee.

SMITH, J. Appellee brought suit in ejectment to recover possession of an eighty-acre tract of land, which suit was, by consent, transferred to the chancery court. Appellee claimed title through a deed from the State Land Commissioner dated December 16, 1935. The deed was based upon a forfeiture to the state for the non-payment of the taxes due thereon for the year 1931.

The cause was submitted and heard upon an agreed statement of facts, which was copied into the decree. It recites that appellants were put in possession of the land under a parol gift from their ancestor in 1922, and had since remained in the exclusive and adverse possession of it; and that they had made improvements on same "during said occupancy." These improvements were described and had cost $105. It was stipulated that they "had paid no taxes of any kind during said occupancy." It was, also, stipulated that the lands had forfeited to the state for the nonpayment of the 1931 taxes and had been purchased by and conveyed to appellee by the State Land Commissioner. No other testimony appears in the record.

It was alleged in the answer—but no testimony was offered to support the allegation—that the sale was void for the reason that the sale of the land had not been

advertised for the time required by law. It was further alleged in the answer that proceedings had been commenced pursuant to the provisions of act 119 of the Acts of 1935, page 318, to confirm this and other forfeitures, but that appellee had purchased before the rendition of the confirmation decree. It is, therefore, insisted that the ejectment suit was prematurely begun.

If this last allegation were sustained by testimony it would be unimportant and would afford no defense to the action. This act 119 does provide for quieting title to lands forfeited to the state for nonpayment of taxes; but it was not intended to make tax sales void which had not been confirmed. Its purpose was to confirm and quiet such sales. The sale upon which appellee's deed is based may have been valid without the benefit of the confirmation decree, and in the absence of any showing that the sale was invalid it will be presumed to be good and valid. Appellee does not rely upon the confirmation decree, but does rely upon his deed. It was said in the case of *Board of Conference Claimants* v. *Phillips*, 187 Ark. 1113, 1119, 63 S. W. (2d) 988, that "* * * If there were no irregularities or informalities in the conduct of the (tax) sale, or in the proceedings relating to the levy of the tax, the title to the lands would vest in the state, and there would be no necessity for a decree confirming the same."

Appellants argue that they had title by adverse possession. That fact is admitted in the stipulation, but is unimportant for the reason that it is, also, stipulated that they did not pay the taxes for which the lands were sold and upon which sale the deed was based. Ownership of a title, however perfect, does not relieve the owner from the obligation to pay his taxes, nor relieve him from the consequences incident to his failure to do so.

The decree which awarded possession to appellee is correct, and is, therefore, affirmed.